# In the United States Court of Federal Claims

No. 25-1792C
(Filed: April 27, 2026)
**NOT FOR PUBLICATION**

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | |
|---|---|
| RODNEY SCOTT BROWN, | \* |
| | \* |
| Plaintiff, | \* |
| | \* |
| v. | \* |
| | \* |
| THE UNITED STATES, | \* |
| | \* |
| Defendant. | \* |
| | \* |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## OPINION AND ORDER

Plaintiff Rodney S. Brown, proceeding *pro se*, raises various claims against the United States and other parties. *See* Compl. (ECF 1). The government has moved to dismiss for lack of jurisdiction and for failure to state a claim. *See* Mot. (ECF 11); RCFC 12(b)(1), (6). Plaintiff's response includes a motion to strike the motion to dismiss, which the government has opposed. *See* Am. Resp. to Mot. to Dismiss & Mot. to Strike (ECF 16); Reply & Resp. (ECF 17). Plaintiff has also moved for summary judgment. *See* Mot. for Summ. J. (ECF 19). The motion to dismiss is **GRANTED**. The motion to strike is **DENIED**. The motion for summary judgment is **DENIED**. The case is **DISMISSED**.

This Court's subject-matter jurisdiction — its authority to pass judgment on the cases before it — is limited to specific types of claims, most commonly non-tort claims for money damages under the Tucker Act. *See, e.g.*, 28 U.S.C. § 1491(a)(1); *see also Brown v. United States*, 105 F.3d 621, 623 (Fed. Cir. 1997) ("The Court of Federal Claims is a court of limited jurisdiction."). Claims that are outside the Court's jurisdiction must be dismissed. RCFC 12(h)(3). "In determining jurisdiction, a court must accept as true all undisputed facts asserted in the plaintiff's complaint and draw all reasonable inferences in favor of the plaintiff." *Trusted Integration, Inc. v. United States*, 659 F.3d 1159, 1163 (Fed. Cir. 2011) (citing *Henke v. United States*, 60 F.3d 795, 797 (Fed. Cir. 1995)). "Although a *pro se* plaintiff's complaint is held to a less stringent standard than those prepared by counsel, *pro se* litigants are not excused from meeting jurisdictional requirements." *Spengler v. United States*, 688 F. App'x 917, 920 (Fed. Cir. 2017) (citations omitted) (citing *Hughes v. Rowe*, 449 U.S. 5, 9

(1980), and *Kelley v. Sec'y, U.S. Dep't of Labor*, 812 F.2d 1378, 1380 (Fed. Cir. 1987)); *see also Howard-Pinson v. United States*, 74 Fed. Cl. 551, 553 (2006) (citing *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972)) (explaining that *pro se* litigants are "entitled to a liberal construction of [their] pleadings").

Here, many of Plaintiff's claims appear to be against parties other than the United States, including various Missouri state officials. Compl. at 4. Even if Plaintiff was injured by state officers or agencies, this Court cannot hear claims against defendants other than the United States, *see United States v. Sherwood*, 312 U.S. 584, 588 (1941), or claims for violation of state law, *see Souders v. S.C. Pub. Serv. Auth.*, 497 F.3d 1303, 1307 (Fed. Cir. 2007).

Plaintiff also requests release from state criminal custody. Compl. at 7. This Court may not review criminal convictions, *Jones v. United States*, 440 F. App'x 916, 918 (Fed. Cir. 2011); *see also Joshua v. United States*, 17 F.3d 378, 380 (Fed. Cir. 1994), nor can it grant writs of habeas corpus, *Ledford v. United States*, 297 F.3d 1378, 1381 (Fed. Cir. 2002) (explaining that the Court of Federal Claims was not one of the courts authorized by statute to grant habeas relief); *see also Rolle v. United States*, 752 F. App'x 1005, 1006–07 (Fed. Cir. 2018) (similar).

Some of Plaintiff's claims against the United States are tort claims. Compl. at 5. But this Court has no jurisdiction over cases that sound in tort. 28 U.S.C. § 1491(a)(1).

Some of Plaintiff's claims allege federal contracts or bonds, or that Plaintiff was an agent of the United States. Those kinds of claims are at least within this Court's subject matter jurisdiction. But Plaintiff must also satisfy the relevant pleading standard, which requires Plaintiff to "plead[ ] facts upon which a valid claim can rest." *El Bey v. United States*, 152 Fed. Cl. 777, 780 (2021) (quoting *Strougher v. United States*, 89 Fed. Cl. 755, 760 (2009)); *see Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Plaintiff has not alleged any facts suggesting that he was a federal contractor, that he was an agent of the federal government, or that the United States owes him money on a bond. His Complaint includes a large volume of exhibits, but none appears to be a federal contract or bond. They appear, rather, to be documents generated by Plaintiff himself or by other private parties. He has therefore failed to plead facts sufficient to support his claim.

In some cases, litigants who fail to state a claim upon which relief can be granted are entitled to an opportunity to amend their complaints. But here, Plaintiff appears to have tried to substantiate his claims against the United States. Nothing in his pleadings suggests that an opportunity to amend his pleadings would bring a

valid claim to light. Instead the documents Plaintiff has attached suggest that his claims are based on "sovereign citizen" theories, which are mistaken as a matter of law. An opportunity to amend would therefore be futile. See *Foman v. Davis*, 371 U.S. 178, 183 (1962); *Steffen v. United States*, 995 F.3d 1377, 1380 (Fed. Cir. 2021); *Chapman v. United States*, 130 Fed. Cl. 216, 219 (2017).

**CONCLUSION**

Defendant's motion to dismiss (ECF 11) is **GRANTED**. Plaintiff's motion to strike (ECF 16) and motion for summary judgment (ECF 19) are **DENIED**. The case is **DISMISSED**.

The Clerk is directed to enter judgment accordingly.

**IT IS SO ORDERED**.

s/ Stephen S. Schwartz
STEPHEN S. SCHWARTZ
Judge